APPEAL NO. 22-4519

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**UNITED STATES OF AMERICA,**

*Plaintiff-Appellee*,

versus

**ZAVIEN LENOY CANADA,**

*Defendant-Appellant*.

**MOTION TO HOLD APPEAL IN ABEYANCE**

Under Rule 27 of the Federal Rules of Appellate Procedure and Fourth Circuit Rule 12(d), Appellee United States of America requests that this appeal be held in abeyance until the Supreme Court of South Carolina answers a certified question that may affect the ultimate resolution of this appeal. The Government makes this request for the following reasons:

1. The Armed Career Criminal Act (ACCA) imposes a 15-year minimum sentence for someone who is convicted of illegally possessing a gun and who has at least three prior convictions for a violent felony, a serious drug offense, or both. 18 U.S.C. § 924(e)(1). The ACCA's elements clause defines a "violent felony" as any crime, punishable by more than a year in prison, that "has as an element the use, attempted use, or threatened use of physical force against the person of another."

1

18 U.S.C. § 924(e)(2)(B)(i).

The clause's requirement that the defendant's "use of force" be "against the person of another" "demands that the perpetrator direct his action at, or target, another individual." *Borden v. United States*, 141 S.Ct. 1817, 1825 (2021). Under *Borden*, "use of force" requires that the offense involve "a higher degree of intent than reckless, negligent, or merely accidental conduct." *United States v. Roof*, 10 F.4th 314, 399 (4th Cir. 2021).

2. Appellant Zavien Canada was sentenced under the ACCA because he has two prior federal drug possession convictions (*see* 21 U.S.C. § 841(a)) and a South Carolina state court conviction for criminal domestic violence (CDV), third offense (*see* S.C. Code § 16-25-20 (2003)). JA88, JA124-126, JA135. On appeal, he argues his ACCA enhancement is improper because CDV can be committed with a mental state of recklessness or less and thus his conviction for that offense is not an ACCA violent felony. Appellant's Br. at 51–60.

3. In *United States v. Clemons*, this Court recently certified the following question to the Supreme Court of South Carolina: "What mental state is required to commit South Carolina Criminal Domestic Violence of a High and Aggravated Nature [CDVHAN], in violation of S.C. Code § 16-25-65?" No. 22-4152, Dkt. No. 33, at 1 (4th Cir. Oct. 3, 2022). After noting *Borden*'s holding, the Court explained it needed the state's guidance because neither § 16-25-65 nor state case law

identifies the minimum mental state required to commit the offense. *Id.* at 3. The Court noted that this *Borden* issue "has arisen frequently in other cases" involving South Carolina CDV offenses, and the Court cited Canada's appeal as an example of that issue. *Id.*

The state Supreme Court has accepted the question. *See* Order, *United States v. Clemons*, No. 2022-001378 (S.C. Oct. 26, 2022). Briefing is underway.

4. This Court's certification order recognizes the overlap between *Clemons* and this appeal. Here, the outcome of Canada's issue turns on whether someone can recklessly violate § 16-25-20, a statute with no express minimum *mens rea*. So too in *Clemons*. Although *Clemons* involves CDVHAN, that crime has always consisted of CDV (as defined in § 16-25-20, the statute Canada violated) plus an aggravating circumstance. *See United States v. Drummond*, 925 F.3d 681, 689(d)(2)(A) (4th Cir. 2019) ("[I]f a CDV conviction as defined in S.C. Code Ann. § 16-25-20(A) satisfies the requirements for a 'violent felony' for purposes of the force clause of the ACCA, then the felony offenses of third offense CDV and CDVHAN necessarily do as well."). Consequently, in *Clemons* the parties are debating whether § 16-25-20 criminalizes reckless behavior. *See United States v. Clemons*, No. 2022-001378 (S.C. Jan. 9, 2023), Br. of Appellant at 18 ("[A]ny analysis of CDVHAN's *mens rea* turns on the *mens rea* required to commit the underlying crime of domestic violence."). Because this appeal and *Clemons*

3

involve the same issue, *Clemons* is likely to produce authority from the state Supreme Court that affects the outcome here. Accordingly, this appeal should be held in abeyance until the state Supreme Court answers this Court's certified question in *Clemons*.

Before filing this motion, the undersigned conferred with Canada's counsel about the relief sought. They advised that Canada does not consent.

For the foregoing reasons, the Government asks that this appeal be held in abeyance until the Supreme Court of South Carolina issues an opinion in *United States v. Clemons*.

          Respectfully submitted,

          ADAIR F. BOROUGHS
          UNITED STATES ATTORNEY

By: *s/ Andrew R. de Holl*
    Andrew R. de Holl (11076)
    Assistant U.S. Attorney
    151 Meeting Street, Ste.200
    Charleston, SC   29401
    (843) 727-4381

February 6, 2023

CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 713 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point type.

*s/ Andrew R. de Holl*
Andrew R. de Holl (11076)
Assistant U.S. Attorney