RECORD NO. 22-4519
CR. NO. 6:20-cv-00471-HMH-1

_____

IN THE

# United States Court of Appeals

FOR THE FOURTH CIRCUIT
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ZAVIEN LENOY CANADA,

*Defendant-Appellant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
_____

RESPONSE TO GOVERNMENT'S MOTION TO HOLD
APPEAL IN ABEYANCE
_____

On February 6, 2023, the government moved to hold this appeal in abeyance pending the South Carolina Supreme Court's decision in *United States v. Clemons*, No. 2022-001378. Dkt. #33.

Appellant Zavien Lenoy Canada respectfully requests that the Court deny the government's request.

Mr. Canada's appeal presents two issues: (1) whether 18 U.S.C. § 922(g)(1) violates the Second Amendment in light of *N.Y. State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and (2) whether Mr. Canada's prior conviction under S.C. Code Ann. § 16-25-20(A) for criminal domestic violence, third offense ("CDV3d"), is a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). As to the second issue, the government claims the parties in *Clemons* "are debating whether [CDV3d] criminalizes reckless behavior." Dkt. #33 at 3. This description of *Clemons* is at best incomplete.

The certified questions in *Clemons* ask the South Carolina Supreme Court to determine the mental state required to commit South Carolina's statutory offenses of assault and battery second degree ("AB2d") and criminal domestic violence of a high and aggravated nature ("CDVHAN"), respectively, S.C. Ann. §§ 16-3-600(D), and 16-25-65. The ACCA question in Mr. Canada's appeal turns on what mental state is required to commit CDV3d.

The government does not contend AB2d is relevant to Mr. Canada's appeal. Instead, it asserts only that the South Carolina Supreme Court's interpretation of CDVHAN in *Clemons* is "likely" to answer the question of what mens rea is required to commit CDV3d. Dkt. #33 at 4. But while CDVHAN and CDV3d are similar in some ways, they are also different in important ways that are relevant to the government's abeyance request.

2

The **CDV3d** statute provides:

(A) It is unlawful to:

>(1) cause physical harm or injury to a person's own household member; or

>(2) offer or attempt to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril.

S.C. Code Ann. § 16-25-20(A).

The current iteration of **CDVHAN**—which the South Carolina Supreme Court will consider in *Clemons*—provides:

(A) A person who violates Section 16-25-20(A) is guilty of the offense of domestic violence of a high and aggravated nature when one of the following occurs. The person:

>(1) commits the offense under circumstances manifesting extreme indifference to the value of human life and great bodily injury to the victim results;

>(2) commits the offense, with or without an accompanying battery and under circumstances manifesting extreme indifference to the value of human life, and would reasonably cause a person to fear imminent great bodily injury or death; or

>(3) violates a protection order and, in the process of violating the order, commits domestic violence in the first degree.

S.C. Code Ann. § 16-25-65(A).

Thus CDVHAN consists of CDV3d committed (1) "under circumstances manifesting extreme indifference to the value of human life," or (2) in violation of a

3

protective order while committing first-degree domestic violence. If CDVHAN equals CDV3d *plus* "extreme indifference to the value of human life," it necessarily follows that CDV3d does *not* require "extreme indifference to the value of human life." CDV3d, in other words, requires a lesser mental state than CDVHAN, the offense at issue in *Clemons*. So while it is *possible* that *Clemons* could shed light on the mens rea required by CDV3d, Canada respectfully submits the South Carolina Supreme Court is more likely to issue a more focused ruling that does not unnecessarily decide CDV3d's mens rea—a question that this Court did not certify in *Clemons*.

In addition, CDVHAN's statutory history suggests *Clemons* is unlikely to reach the question of CDV3d's mens rea. Until 2003, CDVHAN incorporated the elements of the then-common-law crime of assault and battery of a high and aggravated nature. But in 2003, the South Carolina legislature amended CDVHAN to require the *intentional* commission of assault and battery involving either the use of a deadly weapon or resulting in serious bodily injury, or the *intentional* commission of an assault, with or without a battery. The legislature subsequently removed the intentionality requirement in 2015, adding CDVHAN's current enhanced mental state: "extreme indifference to the value of human life." Thus the South Carolina Supreme Court in *Clemons* may interpret the "extreme indifference to the value of human life" mens rea in light of CDVHAN's prior requirement of

4

*intentional* action—a requirement that has never appeared in the CDV3d statute. These differences provide another reason to doubt that *Clemons* will clarify what mens rea CDV3d requires.

Even assuming *Clemons* could affect the outcome of the CDV3d question, an abeyance would unnecessarily delay resolution of Mr. Canada's appeal. The certified questions were received by the South Carolina Supreme Court on October 3, 2022, and the *Clemons* defendant filed his opening brief in that court on January 9, 2023. The government, having obtained an extension of time, will file its response brief by February 22, 2023, and the defendant's reply brief will be due ten days later. *See* Rule 244(e), SCACR. It is impossible to predict with certainty when *Clemons* will be decided, but past experience suggests the certification process could be lengthy. Mr. Canada's South Carolina counsel's last certified question from the U.S. District Court for the District of South Carolina to the South Carolina Supreme Court took nearly a year to resolve.[1] And, unlike *Clemons*, which presents a question of first impression, that case involved a relatively straightforward insurance policy interpretation issue.

---

[1] *Whitlock v. Stewart Title Guar. Co.*, 399 S.C. 610, 732 S.E. 2d 626 (2012). The order from the district court in case number 4:10-cv-01992-RBH was entered October 20, 2011, and the South Carolina Supreme Court opinion deciding the certified question came down on September 12, 2012.

Meanwhile, without an abeyance, if this Court sets Mr. Canada's case for oral argument, that argument would not occur until May 2023 at the earliest, and possibly not until September 2023. An opinion likely would not issue for several months after argument. By that time—roughly a year or more after the South Carolina Supreme Court docketed this Court's certification request—that court most likely will have answered the certified questions in *Clemons*. This Court could therefore issue an opinion addressing both the Second Amendment issue and (if necessary) the ACCA issue just as quickly as it could without an abeyance.

Under the government's proposed alternative, this Court would freeze the briefing schedule in Mr. Canada's case until after the South Carolina Supreme Court decides *Clemons*. Once *Clemons* issued and this Court reinstated a briefing schedule, it would likely be many more months before this Court could resolve Mr. Canada's appeal. The result would be a substantial delay beyond what would otherwise occur. This Court will have to decide the Second Amendment issue eventually, and waiting to begin consideration of that question until after resolution of *Clemons* will only prolong this appeal unnecessarily.

Worse, delaying consideration of the Second Amendment question may prejudice Mr. Canada. The only offense of which Mr. Canada stands convicted is the § 922(g)(1) count. If this Court concludes § 922(g)(1) is unconstitutional, Mr. Canada would be entitled to immediate release. Putting off consideration of the

Second Amendment question for possibly another year or more could require Mr. Canada to serve time in prison for a conviction that this Court ultimately vacates. The wiser course is to allow both questions—(1) the CDVHAN and AB2d questions in the South Carolina Supreme Court and (2) the Second Amendment and CDV3d questions in this Court—to move forward simultaneously so this Court can issue an opinion in Mr. Canada's case with minimal delay.

Mr. Canada respectfully requests the government's motion be denied.

CALLISON TIGHE & ROBINSON, LLC

/s/Louis H. Lang, Esq.
Louis H. Lang, Esq.
Fed. I.D. No. 240
PO Box 1390
Columbia SC  29202-1390
Telephone:  (803) 404-6900
louislang@callisontighe.com


/s/Cullen O. Macbeth, Esq.
Cullen O. Macbeth
Assistant Federal Public Defender
OFFICE OF THE FEDERAL
PUBLIC DEFENDER
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Telephone: (301) 344-0600
Email: cullen_macbeth@fd.org
Attorneys for Appellant

Columbia, South Carolina
February 15, 2023