Office of the Federal Public Defender
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600
cullen_macbeth@fd.org

**James Wyda**  **Cullen Macbeth**
Federal Public Defender  Assistant Federal Public Defender

March 30, 2023

Patricia S. Connor, Clerk
United States Court of Appeals
for the Fourth Circuit
1100 East Main Street, 5th Floor
Richmond, VA 23219

    Re: *United States v. Canada*, No. 22-4519

Dear Ms. Connor:

    We write to alert the Court to *United States v. Cannady*, ___ F.4th ___, 2023 WL 2619180 (4th Cir. Mar. 24, 2023). *Cannady* makes clear—contrary to the government's argument—that the mandate rule's change-in-law exception applies even if intervening legal authority is unrelated to the issues addressed and decided in a prior appeal.

    In *Cannady*, this Court had previously reversed the district court's grant of a new trial (based on a violation of *Brady v. Maryland*, 373 U.S. 83 (1963)) and remanded. *Cannady* held that on remand, the change-in-law exception permitted the defendant to argue he should be resentenced under a reduced Guidelines range in light of the intervening decision in *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018). *McCollum* concerned the meaning of the Guidelines' career-offender provision—an issue that the

prior appeal in *Cannady* had not addressed. *See United States v. Cannady*, 719 F. App'x 237 (4th Cir. 2018). Thus *Cannady* rejects the government's argument that the mandate rule's change-in-law exception is limited to cases where intervening legal authority involves a question "addressed" in "the appellate court's prior decision." Resp. Br. 9.

      Here, Mr. Canada argues the change-in-law exception applies because *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2022 (2022), is a dramatic change in the law that "undermines" the Second Amendment analysis this Court previously employed. *Cannady*, 2023 WL 2619180, at *4; *see* Op. Br. 50-51, Reply Br. 27-29. Mr. Canada's previous appeal did not involve any Second Amendment challenges. But that fact is irrelevant: under *Cannady*, a litigant may invoke the mandate rule's change-in-law exception regardless of whether an intervening legal change relates to the issues addressed and decided in a prior appeal. Accordingly, the mandate rule did not bar Mr. Canada from making a *Bruen* claim on remand or prohibit the district court from considering that claim, since the mandate in Mr. Canada's initial appeal issued before *Bruen* was decided.

      Sincerely,

      /s/ Cullen Macbeth
      Cullen Macbeth

      /s/ Louis Lang
      Louis Lang

cc: via ECF to Counsel of Record