Office of the Federal Public Defender
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600
cullen_macbeth@fd.org

**James Wyda**  **Cullen Macbeth**
Federal Public Defender  Assistant Federal Public Defender

April 25, 2023

Patricia S. Connor, Clerk
United States Court of Appeals
for the Fourth Circuit
1100 East Main Street, 5th Floor
Richmond, VA 23219

Re: *United States v. Canada*, No. 22-4519

Dear Ms. Connor:

The government does not dispute that the mandate rule's change-in-law exception permitted the defendant in *United States v. Cannady*, 63 F.4th 259 (4th Cir. 2023), to raise on remand an issue that this Court's prior opinion had not addressed. Nor does the government explain how *Cannady* can be reconciled with its argument that the exception applies only when intervening legal authority is "applicable to the issue" "addressed" in an appellate court's prior decision. Resp. Br. 9.

Instead, the government appears to press a new contention never mentioned in its briefing: that the change-in-law exception does not apply unless the district court, in the original proceeding, expressly addressed the issue to which intervening legal authority relates. *See* Dkt. #45. This argument confuses the conditions for applying the mandate rule with the

conditions for applying its exceptions. The rule "forecloses litigation of issues" that were "waived, for example because they were not raised in the district court." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012). The change-in-law exception is just that—an *exception* to this rule. It allows for litigation of issues that "were not raised in the district court," and on which the district court therefore never ruled. It would be illogical to hold that the exception, like the rule from which it excepts, prohibits litigation of issues that were not previously raised in the district court. So construed, the portion of the mandate rule applicable to issues that "were not raised in the district court" would admit of no exceptions at all. Unsurprisingly, the government has not cited a single case that announces such a principle.

The government also argues the change-in-law exception applies only when intervening authority is "squarely on-point." Dkt. #45 at 2. But *Cannady* reaffirms that intervening legal authority need only "undermine" prior case law, not directly refute it. 63 F.4th at 267; *see also Brown v. Nucor Corp.*, 785 F.3d 895, 901 (4th Cir. 2015) (applying exception where intervening case merely "recalibrated and sharpened the lens through which" courts examine issue).

Finally, the government asserts the change-in-law exception does not apply unless a litigant expressly pleads that exception in district court. Canada has addressed this claim elsewhere, Reply Br. 29-30, and the government makes no effort to rebut his arguments.

Sincerely,

/s/ Cullen Macbeth
Cullen Macbeth

/s/ Louis Lang
Louis Lang

cc: via ECF to Counsel of Record