Office of the Federal Public Defender
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600
cullen_macbeth@fd.org

**James Wyda**                                                                                  **Cullen Macbeth**
**Federal Public Defender**                                             **Assistant Federal Public Defender**

November 26, 2023

Nwamaka Anowi, Clerk
United States Court of Appeals
for the Fourth Circuit
1100 East Main Street, 5th Floor
Richmond, VA 23219

      Re: *United States v. Canada*, No. 22-4519

Dear Ms. Anowi:

      We write to alert the panel to *Maryland Shall Issue, Inc. v. Moore*, ___ F.4th ___, 2023 WL 8043827 (4th Cir. Nov. 21, 2023), which sustained a Second Amendment challenge to a Maryland law requiring would-be handgun possessors to obtain "handgun qualification licenses."

      *Maryland Shall Issue* is relevant to an argument the government makes in this case, namely, that *Bruen*'s footnote nine establishes the constitutionality of 18 U.S.C. § 922(g)(1). *See* Response Br. 23. In that footnote, the Supreme Court wrote that "nothing in [its] analysis should be interpreted to suggest the unconstitutionality of the 43 States' 'shall-issue' licensing regimes," which "often require applicants to undergo a background check" and "are designed to ensure only that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens.'"

1

*Bruen*, 142 S. Ct. at 2138 n.9. From that statement, the government concludes *Bruen* endorsed the constitutionality of felon-disarmament laws. Response Br. 23-24. *Maryland Shall Issue* rejects that interpretation.

The *Maryland Shall Issue* panel wrote that footnote nine "did not say" shall-issue schemes necessarily survive *Bruen*'s historical-tradition test. 2023 WL 8043827, at *5 n.9. Rather, *Bruen*'s footnote "simply clarif[ied] that the mere fact that may-issue regimes fail the history test does not mean that most shall-issue regimes automatically fail that test too. This is but an invitation for courts to examine these laws against the historical record at [*Bruen*] step two." *Id.* In other words, far from settling the constitutionality of shall-issue regimes (including their disqualification of convicted felons), footnote nine treats those regimes' consistency with *Bruen*'s historical-tradition inquiry as an open question.

Moreover, the *Maryland Shall Issue* panel made clear that footnote nine's discussion of shall-issue regimes is "dicta," and therefore not binding. The panel explained: *Bruen* directs courts' attention solely to text and history, and "if we have to choose between the outcome dictated by text, history, and tradition and the outcome hinted at in dicta, it is no contest: Text, history, and tradition wins every time." *Id.*

*Maryland Shall Issue* forecloses the government's argument that *Bruen* footnote nine supports § 922(g)(1)'s constitutionality. *See also* Reply Br. 10-11.

                Sincerely,

                /s/ Cullen Macbeth
                Cullen Macbeth

                /s/ Louis Lang
                Louis Lang

cc: via ECF to Counsel of Record

3