Office of the Federal Public Defender
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600
cullen_macbeth@fd.org

**James Wyda**                                                                              **Cullen Macbeth**
**Federal Public Defender**                            **Assistant Federal Public Defender**

November 27, 2023

Nwamaka Anowi, Clerk
United States Court of Appeals
for the Fourth Circuit
1100 East Main Street, 5th Floor
Richmond, VA 23219

       Re: *United States v. Canada*, No. 22-4519

Dear Ms. Anowi:

       We write to alert the panel to *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023) (en banc), which held 18 U.S.C. § 922(g)(1) violated the Second Amendment as applied to the petitioner in that case. In Mr. Canada's appeal, the government analogizes § 922(g)(1) to 18th-century colonial laws authorizing capital punishment or estate forfeiture for certain felonies. Response Br. 24-28. *Range* explains why that argument "fall[s] short." 69 F.4th at 105.

       The government is correct that "founding-era practice was to punish some felony offenses with death," but it does not follow that "lifetime disarmament" — the "distinct" punishment inflicted by § 922(g)(1) — is rooted in America's history and tradition. *Id.* "The greater does not necessarily include the lesser: founding-era governments' execution of

1

some individuals convicted of certain offenses does not mean the State, then or now, could constitutionally strip a felon of his right to possess arms *if he was not executed.*" *Id.* (emphasis added). That's because a felon who was not put to death "could repurchase arms after successfully completing his sentence and reintegrating into society." *Id.* Similarly, even if a colony forfeited "a convicted criminal's entire estate," that confiscation did not "affect[] the perpetrator's right to keep and bear arms generally," since he could "purchas[e]" new firearms after "serv[ing] his sentence" and being released. *Id.*

Founding-era felony punishment, therefore, does not impose "a comparable burden on the right of armed self-defense" relative to § 922(g)(1). *Bruen*, 142 S. Ct. at 2133; *accord, e.g.*, *United States v. Prince*, 2023 WL 7220127, at *9-10 (N.D. Ill. Nov. 2, 2023) (adopting same position as *Range*); *United States v. Levasseur*, 2023 WL 6623165, at *7 (D. Me. Oct. 11, 2023) (same); *United States v. Schnur*, 2023 WL 4881383, at *8 (S.D. Miss. July 31, 2023) (Guirola, J.) (same); *United States v. Bullock*, 2023 WL 4232309, at *23 (S.D. Miss. June 28, 2023) (Reeves, J.) (same); *United States v. Hernandez*, 2023 WL 4161203, at *4-5 (N.D. Tex. June 23, 2023); (same); *United States v. Harrison*, 654 F. Supp. 3d 1191, 1208 (W.D. Okla. 2023) (same).

Sincerely,

/s/ Cullen Macbeth
Cullen Macbeth

/s/ Louis Lang
Louis Lang

cc: via ECF to Counsel of Record