Office of the Federal Public Defender
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600
cullen_macbeth@fd.org

**James Wyda**  **Cullen Macbeth**
**Federal Public Defender**  **Assistant Federal Public Defender**

November 30, 2023

Nwamaka Anowi, Clerk
United States Court of Appeals
for the Fourth Circuit
1100 East Main Street, 5th Floor
Richmond, VA 23219

    Re: *United States v. Canada*, No. 22-4519

Dear Ms. Anowi:

    The government does not deny that *Maryland Shall Issue* ("*MSI*") forecloses its argument that *Bruen* footnote nine supports the lawfulness of 18 U.S.C. § 922(g)(1). Instead, the government claims *MSI* rejected Canada's argument regarding the "distinctly similar" and "relevantly similar" historical tests. Dkt. 74. That is inaccurate.

    It is true that the challengers in *MSI*, like Canada, did assert that *Bruen* distinguishes between a "distinctly similar" test and a "relevantly similar" test. But the state defendants did not acknowledge, much less engage with, that argument in any way. Indeed, neither word—"distinctly" or "relevantly"—appears even once in Maryland's brief. *See* No. 21-2017, Dkt. 38. Nor do words like "persisted since the 18th century," "general societal problem," "unprecedented," "unimaginable," or "dramatic

1

technological changes." *Contra Bruen*, 142 S. Ct. at 2131-32. Instead, Maryland's brief relied almost exclusively on *Bruen*'s footnote nine and a high-level discussion of a supposed tradition of disarming those who are not "law-abiding, responsible citizens."

More important, this Court's *MSI* opinion also did not acknowledge or engage with the challengers' argument about the difference between "distinctly similar" and "relevantly similar." The Court simply applied the "relevantly similar" test without any discussion of why that test was appropriate—and without recognizing that the challengers had argued for a different standard. *See* 2023 WL 8043827, at *6-8.

Accordingly, *MSI* does not settle Canada's "distinctly similar"-"relevantly similar" argument, since a prior case is not binding as to an issue that "was not contested." *United States v. Norman*, 935 F.3d 232, 240 (4th Cir. 2019). Even "with respect to perhaps the most essential antecedent issue — jurisdiction"—courts are "not bound by cases that assumed that jurisdiction existed ... or *so stated without analysis*. This is so because, under our adversarial system of justice, an unchallenged and untested assumption is simply not a holding that binds future courts." *Id.* at 241 (emphasis in original); *see also id.* at 240 ("Since we have never squarely addressed the issue, and have at most assumed it, we are free to address the issue on the merits.").

                            Sincerely,

                            /s/ Cullen Macbeth
                            Cullen Macbeth

                            /s/ Louis Lang
                            Louis Lang

cc: via ECF to Counsel of Record

3