Office of the Federal Public Defender
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600
cullen_macbeth@fd.org

**James Wyda**                                                                                   **Cullen Macbeth**
**Federal Public Defender**                                            **Assistant Federal Public Defender**

December 1, 2023

Nwamaka Anowi, Clerk
United States Court of Appeals
for the Fourth Circuit
1100 East Main Street, 5th Floor
Richmond, VA 23219

      Re: *United States v. Canada*, No. 22-4519

Dear Ms. Anowi:

      The government contends this Court remains bound by its pre-*Bruen* cases upholding 18 U.S.C. § 922(g)(1) because those cases did not rely on means-ends balancing, which *Bruen* repudiated. Dkt. 76. That ignores Mr. Canada's argument. He argues *Bruen* abrogated *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012), not because that case relied on means-ends scrutiny, but because it relied on *Heller*'s dictum about "presumptively lawful regulatory measures." Opening Br. 42-49; Reply Br. 12-14. As Mr. Canada's briefing explains, *Bruen* makes clear that courts should not uphold firearm regulations—like the one at issue in *Bruen*—simply because *Heller*'s dictum deems them "presumptively lawful." *Id.* Rather, courts must do what the *Bruen* Court did: actually scrutinize founding-era statutes to determine whether *Heller*'s "presumpti[on]" is borne out by the historical record. Because *Moore* did not do so, it does not survive *Bruen*.

1

The government cites two recent cases upholding § 922(g)(1) that concluded *Bruen* did not disturb *Heller*'s "presumptively lawful" dictum. Dkt. 76 at 2. But neither of those cases acknowledged, evaluated, or passed upon the argument Mr. Canada makes here: that *Bruen*'s disregard of *Heller*'s dictum indicates courts can no longer "presum[e]" § 922(g)(1) constitutional, but instead must actually undertake a historical analysis. *See Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023); *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023). Those cases therefore do not undermine Mr. Canada's argument that *Bruen* abrogated *Moore*.

The government also cites *United States v. Sitladeen*, 64 F.4th 978 (8th Cir. 2023), a case rejecting a Second Amendment challenge to 18 U.S.C. § 922(g)(5), which prohibits firearm possession by unlawful aliens. Dkt. 76 at 2. But § 922(g)(5) is not among the "presumptively lawful regulatory measures" identified in *Heller*, *see* 554 U.S. 570, 626-27 & n.26 (2008), so *Sitladeen* necessarily can't shed light on Mr. Canada's argument that *Bruen* forecloses uncritical deference to *Heller*'s "presumptively lawful" dictum.

Sincerely,

/s/ Cullen Macbeth
Cullen Macbeth

/s/ Louis Lang
Louis Lang

cc: via ECF to Counsel of Record