Office of the Federal Public Defender
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600
cullen_macbeth@fd.org

**James Wyda**  **Cullen Macbeth**
Federal Public Defender   Assistant Federal Public Defender

February 9, 2024

Nwamaka Anowi, Clerk
United States Court of Appeals
for the Fourth Circuit
1100 East Main Street, 5th Floor
Richmond, VA 23219

Re: *United States v. Canada*, No. 22-4519

Dear Ms. Anowi:

At oral argument, the panel asked whether I knew of any cases in which courts applied the mandate rule's change-in-law exception when an intervening legal decision concerned an issue the defendant had not raised in the initial district court proceedings. I said I did not, but subsequent research has revealed numerous cases in which courts, including this one, did just that.

In *United States v. Lang*, 405 F.3d 1060, 1063 (10th Cir. 2005), the Tenth Circuit had remanded for resentencing because the district court improperly departed under the Guidelines. On remand, the defendants

1

raised a Sixth Amendment / *Booker*[1] objection to their sentences, which they had not done at the initial sentencing or in their first appeal. *Id.* The Tenth Circuit held (1) the *Booker* claim was within the mandate's scope, and alternatively, (2) *Booker* was a "dramatic change" in the law that qualified for the change-in-law exception to the mandate rule. *Id.* at 1064. The court therefore reviewed defendants' *Booker* claims de novo. *Id.* at 1064-65.

Other courts, including this one, have also held *Booker* and *Blakely*[2] trigger the change-in-law exception even when the Sixth Amendment issue was not raised at the initial sentencing or in the first appeal. *United States v. Butler*, 139 F. App'x 510, 511-12 (4th Cir. 2005)[3]; *United States v. Puche*, 155 F. App'x 487, 489-92 (11th Cir. 2005); *United States v. Lindsey*, 200 F. App'x 902, 903-06, 909-10 (11th Cir. 2006); *United States v. Bad Marriage*, 439 F.3d 534, 536-38 (9th Cir. 2006); *cf. Burrell v. United States*, 467 F.3d 160, 166 n.4 (2d Cir. 2006) (citing *Lang* and *Bad Marriage* with approval). And this Court has applied the same rule in a related context. *United States v. Johnson*, 539 F. App'x 198, 199-200 & n.3 (4th Cir. 2013) ("Although Johnson did not raise [an *Alleyne v. United States*, 570 U.S. 99 (2013)] issue in her original sentencing hearing or first appeal, we conclude that it is appropriately considered in this appeal pursuant to one of the recognized exceptions to the mandate rule.") (citing change-in-law exception).

None of these cases gave any hint that the district court, when considering the new claim for the first time on remand, should have reviewed it for plain error, rather than de novo. In fact, in both *Butler* and

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

[2] *Blakely v. Washington*, 542 U.S. 296 (2004).

[3] The *Butler* opinion does not specify whether the defendant raised a *Booker* claim at his original sentencing, but prior opinions in the case indicate he did not. *See United States v. Butler*, 67 F. App'x 798 (4th Cir. 2003); *United States v. Butler*, 172 F.3d 45 (4th Cir. 1999) (unpublished).

*Johnson*, the district courts reviewed the new claims "de novo," and this Court signaled no disagreement. 139 F. App'x at 511; 539 F. App'x at 199.

These cases confirm that, under the mandate rule's change-in-law exception, Canada was entitled to bring a Second Amendment challenge on remand from this Court's May 24, 2022 order, notwithstanding that he did not raise that challenge in the original district court proceedings or his first appeal. *Cf. also United States v. Moore*, 457 F. App'x 243, 245 (4th Cir. 2011) ("Because [the defendant] failed to raise his double-counting argument during his original sentencing hearing or in his first appeal *and no exception to the mandate rule applies*, the mandate rule bars consideration of that argument in this appeal." (emphasis added)).

"It could certainly be said that [Canada] was fortunate that the district court . . . sentenced him incorrectly, thus continuing his case long enough for [*Bruen*] to be decided before the latest sentence was imposed. But, it is not unusual for temporal happenstance to control whether a criminal defendant receives the benefit of a Supreme Court decision." *Butler*, 139 F. App'x at 512. "And, [Canada] is no less 'deserving' of benefitting from [*Bruen*] than are any of the other defendants who happened to have been sentenced after [*Bruen*] was decided. The fact is that when [Canada] was sentenced, [*Bruen*] had already been decided, and that is all that matters." *Id.*

                                          Sincerely,

                                          /s/ Cullen Macbeth
                                          Cullen Macbeth

cc: via ECF to Counsel of Record