

U.S. Department of Justice

*United States Attorney*

*District of South Carolina*

| Wells Fargo Building<br>Suite 500<br>1441 Main Street<br>Columbia, SC 29201<br>(803) 929-3000<br>FAX (803) 254-2912 | 151 Meeting Street<br>Suite 200<br>Post Office Box 978<br>Charleston, SC 29402<br>(843) 727-4381<br>FAX (843) 727-4443 | John L. McMillan Federal Building<br>Room 222<br>401 W. Evans Street<br>Florence, SC 29503<br>(843) 665-6688 | 55 Beattie Place<br>Suite 700<br>Greenville, SC 29601<br>(864) 282-2100<br>FAX (864) 233-3158 |

Reply to: **Columbia**

March 12, 2024

The Honorable Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia  23219

    Re    *United States v. Zavien Lenoy Canada*, No. 22-4519
           Rule 28(j) Letter

Dear Ms. Anowi:

In *United States v. Dubois*, --- F.4th ----, 2024 WL 927030 (11th Cir. Mar. 5, 2024), the Eleventh Circuit held *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), did not abrogate circuit precedent upholding the felon-in-possession ban in 18 U.S.C. § 922(g)(1).

After *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Eleventh Circuit held "felons are unqualified [to possess firearms] as a class because they are not law-abiding citizens," and *Heller* "limited the Second Amendment right to *law-aibiding* and *qualified* individuals." *Dubois*, 2024 WL 927030, at *4 (quoting *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010)) (quotation marks omitted).

Dubois argued *Bruen* abrogated the Eleventh Circuit's post-*Heller* Second Amendment precedent.  The Eleventh Circuit rejected that claim:  "Because the Supreme Court made it clear in *Heller* that its holding did not cast doubt on felon-in-possession prohibitions, and because the Court made it clear in *Bruen* that its holding was in keeping with *Heller*, *Bruen* could not have clearly abrogated our

The Honorable Nwamaka Anowi
Re: *United States v. Zavien Lenoy Canada*, No. 22-4519
March 12, 2024
Page 2

precedent upholding section 922(g)(1)." *Id.* at *5 (cleaned up). In short, the Eleventh Circuit "require[d] clearer instruction from the Supreme Court" before reconsidering the constitutionality of the felon-possession ban. *Id.* at *6.

This Court should do the same. The Fourth Circuit's post-*Heller* precedent upholding § 922(g)(1) remains binding because its holdings were based on *Heller*'s statements that the Second Amendment protects the rights of law-abiding, responsible citizens and that longstanding felon-possession bans are presumptively lawful. *See* Response Br. at 15-16. *Bruen* neither overruled nor undermined that law, and § 922(g)(1) remains facially constitutional.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: */s/Kathleen M. Stoughton*
Kathleen M. Stoughton
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel. (808) 929-3000
Email: Kathleen.Stoughton@usdoj.gov

cc:   Cullen Macbeth, Esq.
      Louis Lang, Esq.