Office of the Federal Public Defender
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600
cullen_macbeth@fd.org

**James Wyda**  **Cullen Macbeth**
Federal Public Defender    Assistant Federal Public Defender

March 18, 2024

Nwamaka Anowi, Clerk
United States Court of Appeals
for the Fourth Circuit
1100 East Main Street, 5th Floor
Richmond, VA 23219

    Re: *United States v. Canada*, No. 22-4519

Dear Ms. Anowi:

    *United States v. Dubois*, 2024 WL 927030 (11th Cir. Mar. 5, 2024), does not support the government's position that *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012), remains good law. *See* Dkt. #83.

    *United States v. Rozier*, 598 F.3d 768, 770-71 (11th Cir. 2010), upheld 18 U.S.C. § 922(g)(1) based on *Heller*'s statement that felon-disarmament laws are "presumptively lawful." In *Dubois*, the Eleventh Circuit rejected the argument that *Bruen* abrogated *Rozier*. According to *Dubois*, the *Bruen* Court "viewed its decision as a faithful application of *Heller*, not a departure from it." 2024 WL 927030, at *5. Therefore, *Bruen* did not disturb *Heller*'s aside about felon-disarmament laws. *Id.*

    That characterization of *Bruen* is too simplistic. True, *Bruen* described

1

its new text-and-history standard as "[i]n keeping with *Heller*." 597 U.S. at 17. But it did not say that every statement made in *Heller*—including unexplained and historically erroneous dicta about "longstanding" felon-disarmament laws' "presumptive[] lawful[ness]"—was immune from scrutiny under that new standard. To the contrary, *Bruen* did in fact "depart[]" from *Heller* with respect to the latter's list of "presumptively lawful regulatory measures." *Dubois*, 2024 WL 927030, at *5. Rather than uncritically deferring to *Heller*'s statement that concealed-carry bans are "presumptively lawful," *Bruen* undertook a full historical analysis of New York's near-total ban on concealed carry. *See* Opening Br. 41-49; Reply Br. 12-14. The defendant in *Dubois* did not make this argument, *see* No. 22-10829, Dkt. #22 at 17-25 (11th Cir. Sept. 23, 2022), and the Eleventh Circuit did not consider it, *see* 2024 WL 927030, at *3-6.

And, contrary to the government's suggestion, *Moore* did not hold Second Amendment rights are limited to "law-abiding, responsible citizens." It said, instead, that a defendant can "rebut the presumptive lawfulness of § 922(g)(1) as applied to him" by showing that he is law-abiding and responsible. 666 F.3d at 320. But, now that *Bruen* has abrogated *Moore*'s holding that the statute is presumptively lawful, there is no presumption left to rebut, and so the "law-abiding, responsible citizens" filter has no role to play. Indeed, because § 922(g)(1) proscribes conduct covered by the Second Amendment's "plain text," the statute is presumptively <u>un</u>constitutional. *Bruen*, 597 U.S. at 17.

        Sincerely,

        /s/ Cullen Macbeth
        Cullen Macbeth


        /s/ Louis Lang
        Louis Lang

cc: via ECF to Counsel of Record