Office of the Federal Public Defender
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600
cullen_macbeth@fd.org

**James Wyda**  **Cullen Macbeth**
Federal Public Defender    Assistant Federal Public Defender

March 25, 2024

Nwamaka Anowi, Clerk
United States Court of Appeals
for the Fourth Circuit
1100 East Main Street, 5th Floor
Richmond, VA 23219

    Re: *United States v. Canada*, No. 22-4519

Dear Ms. Anowi:

    This Court's opinion in *United States v. Lassiter*, No. 22-4147, 2024 WL 1122524 (4th Cir. Mar. 20, 2024), supports Canada's argument that his *Bruen* claim is not foreclosed by the mandate rule.

    In an initial appeal, this Court vacated four of Lassiter's nine convictions and remanded for resentencing. 2024 WL 1122524, at *2. The district court imposed a reduced sentence, and Lassiter appealed again, arguing two of his remaining convictions were invalid in light of *United States v. Taylor*, 596 U.S. 845 (2022), which was decided shortly after he filed his notice of appeal. *Id.* Lassiter had not challenged these convictions either in his first appeal or in the district court on remand. *Id.* at *1. Therefore, the Court wrote, "his appeal trigger[ed] *both* plain-error review"—because

1

Lassiter did not raise the issue on remand—"*and* the mandate rule"—because he did not raise it in his first appeal. *Id.* (emphasis added).

Lassiter argued he was entitled to relief because *Taylor* (1) rendered his convictions "plainly erroneous," and (2) marked "a dramatic change in controlling authority." *Id.* at *3. This Court disagreed, holding *Taylor* did not change the law relevant to Lassiter's convictions. *Id.* at *3-6.

Although *Lassiter* found the mandate rule's change-in-law exception inapplicable, it assumed the exception was available notwithstanding that Lassiter never raised a *Taylor*-type claim either in the first round of district court proceedings or in his first appeal. And the panel gave no indication that, if the exception *had* been applicable, this Court would have reviewed Lassiter's claim for plain error. Indeed, the Court said the reason Lassiter's *Taylor* claim was subject to plain-error review was that he *did not raise it in the district court on remand*. *See id.* at *1-2. That statement would be meaningless if the *Taylor* claim were independently subject to plain-error review because Lassiter had failed to raise it in the initial district court proceedings or his first appeal. Thus *Lassiter* implicitly rejects the idea that the change-in-law exception triggers plain-error review in a case, like Canada's, where the defendant did not raise a particular claim in the first round of proceedings, *but did raise the claim in district court on remand*.

                                      Sincerely,

                                      /s/ Cullen Macbeth
                                      Cullen Macbeth

                                      /s/ Louis Lang
                                      Louis Lang

cc: via ECF to Counsel of Record