

U.S. Department of Justice

*United States Attorney*

*District of South Carolina*

| Wells Fargo Building<br>Suite 500<br>1441 Main Street<br>Columbia, SC 29201<br>(803) 929-3000<br>FAX (803) 254-2912 | 151 Meeting Street<br>Suite 200<br>Post Office Box 978<br>Charleston, SC 29402<br>(843) 727-4381<br>FAX (843) 727-4443 | John L. McMillan Federal Building<br>Room 222<br>401 W. Evans Street<br>Florence, SC 29503<br>(843) 665-6688 | 55 Beattie Place<br>Suite 700<br>Greenville, SC 29601<br>(864) 282-2100<br>FAX (864) 233-3158 |

Reply to: **Columbia**

May 7, 2024

The Honorable Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

    Re    *United States v. Zavien Lenoy Canada*, No. 22-4519
          Rule 28(j) Letter

Dear Ms. Anowi:

The parties provide the Court with the following supplemental authority pursuant to Federal Rule of Appellate Procedure 28(j):

In *United States v. Clemons*, --- S.E.2d ----, 2024 WL 1900632, at *4 (S.C. May 1, 2024), the South Carolina Supreme Court held that "under some circumstances," a person may be convicted of criminal domestic violence of a high and aggravated nature, in violation of S.C. Code § 16-25-65, with a *mens rea* of recklessness. In doing so, the court explained that South Carolina's underlying criminal domestic violence statute—S.C. Code § 16-25-20(A)—can be violated by a battery, which can be committed recklessly. *Id.*

Mr. Canada was sentenced under the Armed Career Criminal Act after the district court found he had two prior convictions for a "serious drug offense" and one prior conviction for a "violent felony": criminal domestic violence (CDV) under S.C. Code § 16-25-20. *Clemons* makes clear that CDV can be committed recklessly. Under *Borden v. United States*, 593 U.S. 420 (2021), "a criminal offense that can be committed with a mens rea of recklessness—'a less culpable mental state than purpose or knowledge'—cannot qualify as a 'violent felony' under the ACCA."

The Honorable Nwamaka Anowi
Re: *United States v. Zavien Lenoy Canada*, No. 22-4519
May 7, 2024
Page 2

*United States v. Redd*, 85 F.4th 153, 169 (4th Cir. 2023) (quoting *Borden*, 141 S. Ct. at 1821–22).

*Clemons* makes clear that Mr. Canada's CDV conviction is not an ACCA predicate, and he therefore is not subject to the enhanced statutory penalties in the ACCA. Should this Court reject his Second Amendment challenge, the parties agree the Court should vacate Mr. Canada's sentence and remand for resentencing under the 10-year statutory maximum applicable to non-ACCA offenders at the time of Mr. Canada's offense.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY                    Callison Tighe & Robinson, LLC

By: */s/Kathleen M. Stoughton*             By: */s/ Louis H. Lang*
Kathleen M. Stoughton                      Louis H. Lang, Esq.
Assistant United States Attorney           Fed. I.D. No. 240
1441 Main Street, Suite 500                1812 Lincoln Street, Suite 200
Columbia, SC 29201                         P.O. Box 1390
Tel. (808) 929-3000                        Columbia, SC 29202-1390
Email: Kathleen.Stoughton@usdoj.gov        (803) 404-6900

Counsel for Appellee                       */s/ Cullen Macbeth*
                                           Cullen Macbeth
                                           Assistant Federal Public Defender
                                           6411 Ivy Lane, Suite 710
                                           Greenbelt, MD 20770
                                           (301) 344-0600

                                           Counsel for Appellant